[PHILADELPHIA, FEBRUARY 13, 1832.]

HART and Another *against* HEILNER and Others.

IN ERROR.

One of two plaintiffs in an action of *assumpsit*, brought by them as indorsees of a prom-
issory note, after having, upon the trial, assigned all his interest in the suit to the other,
who has paid into court all the costs of suit, may be examined as a witness for the
plaintiff to whom he has assigned.
If when a witness is offered, it be *perfectly clear* from the *testimony* given in relation to
him, that he is interested, the court may reject him, as incompetent, but if his interest be
*in the least degree doubtful*, the court should permit him to be sworn, instructing the
jury, that if in their opinion he is interested, they are to pay no regard whatever to his
testimony.

On a writ of error to the District Court for the city and county of
*Philadelphia*, it appeared that the plaintiffs in error *Thomas* and
*William H. Hart* brought this action on a promissory note drawn by
*Samuel Heilner & Co.* dated the 14th of *June*, 1816, at sixty days,
after date for $405,74 in favour of *Conrad Krider*, by whom it was
endorsed to the plaintiffs.   The suit was marked to the use of *Wil-
liam H. Hart* and in order to introduce *Thomas Hart* one of the plain-
tiffs as a witness, the following instrument was drawn up and exe-
cuted at the bar :

" *Hart* v. *Heilner & et al.*—District Court, *March* Term, 1826.
No. 254.   ·

For a valuable consideration I hereby assign, transfer, and set over
all my right, title and interest, in the above suit to *William H. Hart.*
*Philadelphia*, 8th *March*, 1830.

*Thomas Hart.*   (Seal.)
Sealed and delivered in the presence of
S. Brashears,
D. P. Brown."

The counsel of the plaintiffs, after having read this instrument to
the court and paid the costs of suit, offered *Thomas Hart* as a wit-
ness to prove the handwriting of the maker and endorser of the note,
and to prove an acknowledgment by the defendants, which would
take the case out of the act of limitations.   The counsel for the de-
fendants objected to the admission of the witness, and his Honour
Judge HALLOWELL before whom the cause was tried, after argument,
rejected him, for which he gave the following reasons :

" I have more than once expressed my repugnance to the kind of
evidence which has been offered in this case, and which has been
sometimes introduced since, the decision of *Steele* and the *Phœnix Insur-*

(Hart and another *v.* Heilner and others.)

*ance Company,* 3 *Binn.* 306. I have given my opinion in several cases, to which I refer the counsel and will furnish copies :—*Krowse* v. *Walker, Chester* county before me when sitting for Judge DARLING-TON—*M‹ Williams* v. *Swift,* and *Lecounte* v. *Blackwell, Philadelphia* county, in which my reasons were given. This case affords as good an opportunity as can occur of bringing the case of *Steele* v. *The Phœnix Insurance Company,* and the whole subject again into review before the Supreme Court.

" Here is an action brought by two partners—brothers; finding that they cannot make out their case by other evidence, they mark the suit for the use of one of them; one assigns the claim to the other, pending the action, and even after the jury are sworn, and then offers himself as a witness to make out the case for the other, and avoid the act of limitation. No proof is offered of money paid as the consideration for that assignment, and made under all these circumstances, it is difficult to believe that such a transaction is *bona fide.* I do not know *Thomas Hart* myself, but I am willing to believe that he is a man of character, but the principle on which he is offered is highly dangerous, and may in other cases open the door to perjury—indeed it is next to impossible for any man to protect himself against the effect of such testimony, so as to guard against fraud, perhaps to his ruin. In *Steele* against *The Phœnix Company,* 3 *Binn.* 314, the Supreme Court thus express themselves—" where a man assigns a particular thing, especially pending the action, and then comes forward to make out the case by his own testimony, he should be watched narrowly, and the court will admit or reject it according to the conviction of the assignment being a *bona fide* transaction or not."

" I am not convinced that this transaction is *bona fide,* but believe it to be colourable, and that the recovery, if it takes place, will enure to the benefit of both the plaintiffs. Exercising therefore the right I possess according to the opinion of the Supreme Court, I reject *Thomas Hart* as a witness in this case."

To this opinion the plaintiffs' counsel excepted, and having no evidence to counteract the effect the plea of the act of limitations which the judge instructed the jury was a flat bar to the plaintiff's recovery in this case, a verdict was rendered for the defendants.

When the cause came on for argument here, the court called on *Kittera* for the defendants in error to support the opinion of the court below, and after having heard him, they declined hearing *Brashears* and *D. P. Brown* who were of counsel for the plaintiffs in error.

The opinion of the court was delivered by

KENNEDY, J.—The only question to be decided in this case is, whether one of two plaintiffs in an action of *assumpsit* brought by them as indorsees of a promissory note, after having assigned upon the trial of the cause all his interest and right therein to the other, who had paid into court all the costs of the suit, can be examined as a witness for the plaintiff to whom he has assigned.

*(Hart and another *v.* Heilner and others.)

The rule of law which excluded a party to the suit upon the record from being a witness on the trial of it, although but a mere naked trustee without any real interest, never, I think, prevailed in courts of equity. *Goss* v. *Tracy*, 1 *P. Wms.* 290. *Croft* v. *Pyke*, 3 *P. Wms.* 180. *Man* v. *Wood*, 2 *Atk.* 229. *Mabank* v. *Metcalf*, 3 *Atk.* 95, 6. *Featherby* v. *Pate, Ibid.* 604.

In *Pennsylvania*, however, where we have no courts of equity, and where for this reason our courts of law in making their decisions have been governed not merely by the stern and inflexible rules of law, but by those of equity and law combined, it has been decided that a trustee having no interest in the cause, although a party to it on the record, may be a witness. *Drum* v. *Less. of Simpson*, 6 *Binn.* 481.

The circumstance of the person offered as a witness being a party to the suit on the record is *prima facie* evidence of his having an interest in it; and it is for that reason, and that alone, that in this state he cannot be received as a witness, and not upon a mere principle of policy, because he is a party on record to the suit. If then it be shown, as no doubt it may in many cases when the fact is so, the evidence of interest not being conclusive but presumptive only, that he has no interest in the cause or the result of it, it would seem to follow as a natural consequence that he may be a competent witness. That he once had an interest is not material, although it may have continued down to the time of the trial, for his competency depends upon the fact of his being interested or not interested in the suit or the event of it, at the time that he is offered as a witness. If free from all interest whatsoever he is competent. This is proved by every day's experience and practice in courts. A person for example not a party on the record of the suit, but interested in it, is offered as a witness to support that side of the issue which goes to sustain his own interest and is therefore objected to by the opposite party; and he is made an admissible witness in the presence of the court after the objection taken, by the execution and delivery or *tender* of a release; for the tender of such an instrument is sufficient when the party for whose benefit it is made refuses to accept of it. *Fowler* v. *Welford*, 1 *Doug.* 139. Since then the competency is made to depend upon the witness's being entirely free from interest at the time of his giving evidence, it can make no possible difference that he is a party upon the record.

Upon this principle it was that in *Patton's admrs.* v. *Ash*, 7 *Serg. & Rawle* 116, *James Ash*, one of the plaintiffs on record, and one of the administrators of *Patton*, was admitted as a witness on behalf of the plaintiffs after executing at the time of trial before his examination a release to the heirs, of all claim to compensation for his services, and having paid into the hands of the prothonotary a sum of money sufficient to pay all the costs, and to be so applied let the suit terminate as it might. See also the cases of *Kerns* v. *Soxman*, 16 *Serg. & Rawle*, 315, and *M'Ilroy* v. *M'Ilroy*, 1 *Rawle*, 433-4, and the cases there cited, where in the first case a devisee in a will was held to be

a competent witness to prove it, after having assigned all her interest under it. And in the second case a legatee was in like manner adjudged to be a good witness to prove the will, after having assigned his interest for a money consideration, which was not then paid, but a bond given for the payment of it. It was also further decided, that the witness was competent whether he had parted with his property in the thing before or after suit brought to recover it; that the question was, did the witness then stand clear of interest in the cause? If he did, he was competent. See also the case of *Cox* v. *Norton,* 1 *Penn. Rep.* 412.

In the case of *Lowry* v. *Davis and Hanson,* decided by this court at its last session in *Pittsburgh,* which was almost in every respect like the present, it was held that *Davis,* one of the plaintiffs on the record in the court below, after making an assignment of all his interest in the suit to the other plaintiff, who paid all the costs into court, all of which was done after the jury were sworn, in open court, was a competent witness for the plaintiffs in the court below, to prove that *Lowry,* the defendant in that court, before the commencement of the action, had accepted and promised payment of the draught to the plaintiffs, to recover the amount of which draught the suit was brought.

The learned judge in the court below before whom this cause was tried, seems to have been opposed to the admission of the witness upon the ground of policy, as operating a surprise upon the adverse party, and opening a door to perjury. As to the principle of policy, apart from interest, I consider it as excluded from our consideration by a force of authority in this state that cannot now be resisted or overturned. But he seems in rejecting the witness to have relied mainly upon the authority of an expression used by the late Chief Justice in delivering his opinion in this court in the case of *Steele* v. *The Phœnix Ins. Co.* 3 *Binn.* 314, who says, " where he (the plaintiff) assigns a particular thing to an individual (especially pending the action) and then comes forward to make out the case by his own testimony, he should be watched narrowly. In all such cases *the court admit* or reject the testimony according *to their conviction* of the assignment being a *bona fide* transaction or not." After reciting this expression of the late Chief Justice, he concludes by saying, " I am not convinced that this transaction is *bona fide,* but believe it to be colorable, and that the recovery, if it takes place, will enure to the benefit of both the plaintiffs. Exercising therefore the right I possess according to the opinion of the Supreme Court, I reject *Thomas Hart* as a witness in this case."

This expression of the late Chief Justice must receive a reasonable construction, and such as will comport with the principles which in practice have been applied to settle the question in other cases, where witnesses have been objected to on account of interest. For instance, if a person, not a party on the record, be called as a witness and objected to by the adverse party on the score of interest,

(Hart and another *v.* Heilner and others.)

the party making the objection, must show the existence of the interest, and if it should *clearly* appear to be so from the testimony adduced for the purpose of proving it, *the court* will decide upon it and reject the witness: but if it be in the *least degree doubtful* the court will not decide the question of *interest* in the witness, but receive his testimony and leave it to the *jury* to determine whether he has an interest or not in the suit or the event of it, and if they should be of opinion that he has such an interest, then instruct them to pay no regard whatever to his testimony, and to leave it altogether out of. view.   So if on the trial of a cause, a deed or other instrument in writing is offered to be given in evidence, the execution of which is not admitted by the pleading or the adverse party, it must be proved before it can be read in evidence to the jury.   If no evidence whatever tending to prove the execution of it be offered,:the court will decide that it never was executed, and. not permit it to be read to the jury ; but if any evidence to this effect be given, however slight, the court have no right to decide then, upon the fact of the execution of the instrument, but must permit it to be read in evidence to the jury, and leave it to them to say whether or not it was executed.

This principle, to which the Chief Justice had reference in the expression already noticed, is set forth more fully, as well as with more precision, by Justice YEATES in the latter part of his opinion delivered in the same case, pages 316-17, where he says "there can be no doubt that where a voluntary assignment was made to *appear clearly* to the *court* to be *collusive, they* would interpose and reject the witness; and where there occurred *any difficulty as to the fact,* they would *instruct the jury* to pay no regard to the testimony of the witness, if they were satisfied that the assignment was merely colourable with an intention to defraud creditors."   Here Justice YEATES lays it down in so many words, that unless the assignment *appears clearly* to be collusive, the court is not to decide, but to refer it to the jury.   It must *appear clearly ;* from what must it clearly appear to be collusive to the court?   Most certainly *from the testimony,* but if there be no testimony showing it to be so, as in the present case, and the court below is to be at liberty to say that they are not satisfied but what there is still some collusion and unfairness in the transaction, and therefore they will reject the witness, it would be deciding the facts and the law both combined, and putting their decision beyond the revision and control of this court.   It would, in short, be a direct violation of that rule which is the great distinguishing feature of the common law, *Ad questionem juris respondent judices, ad questionem facti respondent juratores.*   Hence I take it that all questions of fact which grow out of the trial of a cause by a jury, and appertain to its merits, in respect to which there is any testimony given, but not showing clearly how the facts are, or if the testimony be in the slightest degree contradictory, they must be referred to the jury to be decided by them.   Under this view of the law, I think the court below erred in rejecting the party offered as a witness.   The fact of his being

(Hart and another *v.* Heilner and others.)

one of the plaintiffs in the suit, and entered on the record as such, was *clear* evidence of his being interested until he executed the assignment and the costs of the suit were paid; but as soon as that was done, and that being all done in the presence of the court too, it was quite as *clear* in the absence of all other testimony, that he was completely divested of all that interest which he before had as a plaintiff in the cause. The *execution* of the assignment could admit of no doubt, because it was done in the presence of the court. The *effect* of it in law was equally certain. The witness thereby parted with all his interest, and the other plaintiff acquired the united interest of both, and by the payment of the costs of the suit, he was discharged from all liability for them; and *in contemplation of law*, stood entirely disinterested. It is only the legal responsibility or claim of a person that is to be regarded in deciding upon his competency as a witness. That which arises barely from a sense of honour, or conscientious feeling, without any legal obligation being connected with it, or to support it, or when such did exist, but has been removed, is insufficient to prevent a person from being a witness. By the assignment which was made in the present case, the party offered as witness, ceased to have any claim in the suit which he could either support in law or equity; and by payment of the costs of the action, which was also done, he was discharged from all liability in law or equity which could possibly affect his interest, and ought therefore to have been admitted as a witness. The judgment of the court below is reversed, and a *venire de novo* awarded.