By the Court, Bronson, J.
A fault in the pleadings is not a proper ground for tendering a bill of exceptions. After the defendant had omitted to demur to the declaration, he could only take an objection to its sufficiency by motion in arrest of judgment, or a writ of error. The question is before us, however, because it also appears in the record. The plaintiff should have alleged that the defendant w/rongfully took the property; but the defect is cured by the verdict. We must now presume that the court would not have allowed a recovery, unless it appeared that the taking was wrongful.
The defendant undertook to prove that Elias Lounsbury had an interest in the property, and gave evidence tending to that conclusion. But the plaintiff had before given evidence tending to show that he was the sole owner, and consequently that Elias could have no partnership interest. The court was not bound to look at the evidence on one side alone. They looked at the whole of the evidence, and came to the conclusion, as they well might, that Elias had no partnership interest in the property.
It is true that the question of fact whether Elias was part owner or not, would ultimately belong to the jury in passing upon the merits of the controversy. But when the question came up in this collateral way, it was addressed exclusively to *536 the court.(a) There was no ■ error in allowing the witness to be sworn.(b)
The principal question is upon the supposed estoppel in pais. The plaintiff had said, a month before the levy, that he and his brothers, Daniel and Elias, were in partnership in the property; and it is insisted that the admission Avas conclusive upon him. When a party makes an admission with the intention to influence the conduct of another, and the latter acts upon it, and Avill be injured if the party is alloAved to gainsay it, the admission is conclusive. (Dezell v. Odell, 3 Hill, 215, and the cases there cited ; Dewey v. Field, 4 Metc. Rep. 381.) If the plaintiff had told the constable when he came Avith the execution that the property belonged, either in whole or in part, to Elias, and the constable had acted upon the admission, by taking this, and omitting to take other property, the plaintiff Avould be estopped from afterwards denying the ownership of Elias, and thus doing an injury to the constable. It Avould be against good conscience and honest dealing ; and that is the point on which the question of estoppel turns. But that is not this case. The plaintiff never said any thing to the constable, nor to the plaintiff in the execution: nor Avas his declaration made with the intention of influencing their conduct. The admission was made to other persons, and in reference to another matter. To say that such an admission is conclusive, xvould be to give the force of *537 an estoppel to every thing'which it could he proved a man had said: and thus this most unsatisfactory kind of evidence—confessions out of court—would acquire a new and most dangerous importance. True, Burns testified that the levy was made in consequence of what the plaintiff said to him. He has not- told us how such a consequence happened to follow from the conversation ; and the most that can reasonably be inferred is, that he reported the conversation to the constable, or the plaintiff in the execution; and they treated the confession as an important item of evidence. They have had the benefit of the confession: the jury have considered and weighed it against the other evidence ; and that is all the importance that properly belonged to it. It could not operate in the nature of an estoppel.
Judgment affirmed.

а) After the court has decided in favor of the witness’ competency, the point cannot be submitted to the jury, though depending upon conflicting evidence. (Cowen & Hill’s Notes to Phill. Ev. p. 1501; but see Hart v. Heilner, 3 Rawle, 407.) The jury, however, are often required to pass upon the same evidence in estimating the witness’ credibility, (per Denman, Ch. J. in Shipton v. Thornton, 9 Adol. & Ellis, 314,) or in determining some other question connected with the merits, (Reynolds v. Lounsbury, in the text;) and then they are not precluded by the previous decision of the court, but may find the fact the other way. (Greenl. Ev. 472.) It is said that where the point of competency depends on the decision of intricate questions of fact, judges occasionally refer the matter preliminarily to the jury. (1 Phill. Ev., 2, note (1), 8th ed., by Phill. & Amos; see Taylor v. Taylor, 2 Watts' Rep. 357, 8.)

 As to the right of review in cases of this character, see Cowen & Hill’s Notes to Phill. Ev. 1501.