## No. 345.

MOFFATT & TAYLOR *v.* THEIR CREDITORS. ON PETITION OF GEORGE ZIEGLER *v.* MOFFATT AND TAYLOR & CHARLES THORN.

1. A debtor asking a respite, is not considered in law as an insolvent; the concession of such respite, differing in this from a surrender, is based upon the supposition of solvency.

2. In a case of surrender, the property of the debtor is administered by the creditors, through a syndic of their choice; in case of respite, however, the property remains with the debtor.

3. In case of respite, where a creditor opposes and secures bond, under La. C. C. 3093, that bond secures the full payment of his debt, at the date indicated, and not a mere *pro rata* of what the debtor subsequently surrenders.

*Appeal from Civil District Court, Division A. Tissot, J.*

*Charles S. Rice* for Moffat & Taylor & Charles Thorn, appellants.

*Braughn, Buck, Dinkelspiel & Hart* for George Ziegler, appellee.

KELLY, J.—Moffatt & Taylor, a commercial firm, applied for and obtained a respite, a majority in number and amount of their creditors voting to allow it. On their schedules their assets were represented as of the value of $41,000 and their liabilities at less than $33,000.

George Ziegler, who was a creditor in the sum of $362.79, opposed the granting of the respite, and applied for and obtained such security for his debt as is provided by Art. 3093 of the Civil Code. The amount for which the debtors were required, by order of Court, to give bond and surety was $483, or one-

third over and above the amount of the debt to be secured. 11 La. An. 36, 38.

The condition of the obligation of the bond, in conformity to Art. 3093 (3060) C. C. is, "such that if Moffatt & Taylor shall not alienate the property left in their possession, or in case they do, that the money arising from the sale thereof shall be applied in paying their debts existing at the time of their applying for their respite, then the obligation to be void, otherwise to remain in full force and virtue." Charles Thorn became the surety of Moffatt & Taylor on this bond.

A creditor, who opposes the granting of a respite, is bound by the will of the creditors who are willing to accord it, only upon condition that he may demand the security provided by Art. 3093 C. C.; and the debtor's right to a respite as against such creditor depends upon the giving of such security. If Moffatt & Taylor, therefore, had not executed and delivered to Ziegler the bond upon which Charles Thorn was their surety, there would have been no respite as to Ziegler, and he could have proceeded at once to collect his debt by direct action and execution levied upon the property of his debtors, represented by them at the time of their application for respite as of the value of $41,000.

A debtor who, unable to pay all his debts at the moment, obtains from his creditors a delay, is not regarded as an insolvent. The concession of a respite is based upon his supposed solvency, or eventual ability to pay all his debts. 3 R. 407, 410. A respite differs essentially from a surrender in that the latter is based upon the supposed insolvency, while the former is based upon the supposed solvency. In a cession, the property of the debtor surrendered to his creditors is administered by them through a syndic of their choice, acting as their agent and representative, while in the respite it remains in the possession of and is administered by the debtor. 12 La. An. 182.

It would appear, therefore, to be reasonable to consider that the security, which the Code provides may be demanded by a creditor opposing the allowance of the respite, is intended to be for the payment of the debt in full, within the delays allowed,

and not for the payment of a part of it only, as in case of a claim against an estate administered upon as insolvent. The fact that the courts require bond to be given for one-third over and above the amount of the debt, would indicate that they considered that the purpose of the bond was to secure the payment of the debt in full, in the event of the breach of the conditions of the bond.

From the statement of facts in the record, in this case, it appears that after execution and delivery to Ziegler of the bond in this case, Moffatt & Taylor, instead of complying with either of its alternative conditions, disposed of all of the $41,000 worth of assets left in their hands, and instead of applying the proceeds, in conformity to the alternative condition of the bond, to the payment of their debts existing at the time of their application for respite, used the whole of such proceeds—except the sum of $1,100, under a lease existing at the time of the respite—was used in paying debts contracted after the respite had been obtained. The assets left in their hands, of the value, according to their own sworn representation, of $41,000, were all alienated for the comparatively small sum of about $13,000.

In an action upon the bond given to Ziegler, in which these gross breaches of its conditions are averred and shown, judgment was rendered in his favor and against Moffatt & Taylor and their surety, not for the amount of the penalty of the bond, but for the sum of the debt, with interest, which it was given to secure, and which, by its execution and delivery, had prevented Ziegler from proceeding to collect, by direct action against his debtors and execution against their estate, represented by them at the time as of the value of $41,000.

From this judgment Moffatt & Taylor and their surety have taken this appeal, and it is insisted here that the only judgment Ziegler was entitled to recover upon the bond, upon the breach of its conditions, was such *pro rata* of his debt as he would have been entitled to receive had the estate of Moffatt & Taylor been left in their hands, to be administered upon by them as a bankrupt or insolvent estate. The learned and ingenious counsel for

Moffatt & Taylor, and their surety on the bond, does not, it is true, put it precisely in that way, but in a more plausible shape. But, what he contends for, amounts to the same, thing *i. e.* that Ziegler is only entitled to recover judgment upon the bond for a *pro rata* dividend of the proceeds which came into the hands of their debtors from their administration of the assets left in their hands; such dividend to be determined by the *ratio* which the entire proceeds so received by the debtors bear to their entire indebtedness. The law, upon the particular point in question, is not. perhaps, as plain and free from ambiguity as it is desirable it should be. But the arguments of the learned counsel for appellants, and consideration of the authorities referred to by him, have not satisfied us that. Moffatt & Taylor and their surety are entitled to claim that their liability upon the bond to Ziegler is to be limited to the liability which would be incident to the administration of an estate administered upon as insolvent. On the contrary, we think they should be held to the liability of administrators of an estate which, upon their own showing, was entirely solvent, when they were permitted, *quoad* Ziegler, to retain the administration of it, upon condition of the execution and delivery of their bond to him. Upon the whole, the judgment appealed from appears to us to administer justice between the parties according to law, and it is therefore affirmed.