Commonwealth, *ex rel.*, &c. v. Newell, Judge.

---

CASE 47—PETITION BY AUDITOR'S AGENT BY COMMONWEALTH FOR MANDAMUS AGAINST THE COUNTY JUDGE TO COMPEL HIM TO TAKE JURISDICTION IN A CASE WHERE PROPERTY HAD BEEN OMITTED FROM TAXATION.—DEC. 17.

# Commonwealth, ex rel., &c. v. Newell, Judge.

APPEAL FROM MASON CIRCUIT COURT.

JUDGMENT SUSTAINING DEMURRERS TO PETITION AND PLAINTIFFS APPEAL.—REVERSED.

MANDAMUS—PROPERTY OMITTED FROM TAXATION—JURISDICTION OF COUNTY COURT.

Held:  1. Kentucky Statutes, section 4241, requires the sheriff or auditor's agent to cause to be listed for taxation all property omitted by other officers, and to file in the office of the clerk of the county a list of the property; provides that at the next regular term of the county court, if it shall appear to the court that the property is liable to taxation, and has not been assessed, it shall enter an order fixing its value, and, if not liable, it shall make an order to that effect; and that from so much of the order deciding whether the property is liable to assess-

Commonwealth, *ex rel.*, &c. v: Newell, Judge.

ment either party may appeal.   HELD that, where the court de-
clines to consider the question of liability of the property to
taxation, there can be no appeal, so that mandamus will lie
to compel the court to consider the matter.

A. E. COLE & SON, R. J. BRECKINRIDGE AND JOHN S. POWER,
FOR APPELLANT.

The Chesapeake & Ohio Railway Company, was incorpo-
rated in Virginia and in West Virginia, and by contract, on
January 1, 1887, obtained control and possession of the road
bed and appliances of the Maysville & Big Sandy railroad
company, which is a Kentucky corporation.   In 1893 said C.
& O. Railway Company became a domestic corporation in com-
pliance with section 841, Kentucky Statutes.   It has never paid
any taxes on its lease of the Maysville & Big Sandy Railway
Company, which lies wholly in Kentucky, and is worth at least
fifteen million dollars, and said C. & O. has never paid any tax
in this State on its franchise, although it confessedly has a
capital stock of over sixty-two million dollars, with no tangi-
ble property in this State.

The appellant, auditor's agent, filed a statement setting forth
these facts and   instituted a proceeding in the Mason county
court, through which county said leased railroad runs, to ob-
tain a compulsory assessment or valuation by said county court
of said lease and franchises for transmission to the auditor, who
after due notice to the company, could finally fix the value of
said omitted property for taxation.   The county judge refus-
ing to act, appellants filed a petition in the Mason circuit court
for a mandamus to compel the county court to entertain juris-
diction and try the case.   To this petition a general demur-
rer was filed which was sustained by the circuit court solely on
the ground that the remedy of mandamus can not be invoked
to compel appellee to proceed with the case.   Appellant's peti-
tion was therefore dismissed, from which judgment this appeal
is presecuted.   We contend:

1. That the county court is not an exclusively judicial tribu-
nal, and, in assessing property for taxation, it acts ministerially.
Pennington v. Woolfolk, 79 Ky., 16.

2. That the remedy of mandamus lies not only to compel the
performance of a ministerial duty, but also to compel an infer-
ior tribunal to act.

3. That the Virginia and West Virginia railroad corporations
although foreign, owe the State of Kentucky taxes on their fran-

Commonwealth, *ex rel.*, &c. v. Newell, Judge.

chises, beginning with March 11, 1890, at which time the Hewitt law was amended, requiring *all* corporations to pay taxes on their franchises.

### AUTHORITIES CITED.

Pennington v. Woolfolk, 79 Ky., 16; Cassidy v. Young, County Judge, 92 Ky., 232; Booe, County Judge v. Kenner, 49 S. W., 330; C. & O. Ry. Co. v. Com., 101 Ky., 161; Kirk, Sheriff v. Western Gas & Oil Co., 37 S. W., 849, Ky. Statutes, secs. 4039, 4058; L. & N. R. R. Co. v. Com., 95 Ky., 68; Henderson Bridge Co. v. Com., 99 Ky., 629; Bourbon Stock Yard Co. v. Com., 13 R., 926; Gibson v. Belcher, 1 Bush, 147; Adams Express Co. v. Ohio State Auditor, 166 U. S., 218; Ferrell v. Kimble, 75 Tex., 476; Kentucky Constitution, secs. 202, 211, vol. 13; Am. & Eng. Ency of Law, p. 84; Louisville Trust Co. v. Louisville, &c., R. R. Co., 75 Fed. Rep., 433; Clark on Corp., p. 87; N. N. & M. V. Co. v. McDonald-Brecks Co.'s Assignee, 59 S. W., 334; Kentucky Statutes, secs. 4260, 4241; Fleming Clerk v. Sinclair, 57 S. W., 370; Mail Co. v. Barbour, 88 Ky., 73; L. & N. R. R. Co. v. Com., 1 Bush, 258; L. & N. R. R. Co. v. Com., 85 Ky., 208; South Covington, &c., Ry. Co. v. Town of Bellevue, 49 S. W., 25; L. & N. R. R. Co. v. City Barboursville, 48 S. W., 936; Louisville & Jeff. Ferry Co. v. Com., 57 S. W., 626.

ADDITIONAL AUTHORITIES BY JOHN S. POWER, FOR APPELLANT.

Hoke v. Com., 79 Ky., 567; L. & N. R. R. Co. v. Com., 1 Bush, 250; Kentucky Statutes, secs. 4241, 4077, 4084, 4078; Sutherland on Statutory Construction, secs. 218, 219, 331, 332, 341, 343, 337, 340, 342, 344 and 345, also secs. 206, 20, 409, 410, 411, 416 and 417.

W. H. WADSWORTH, FOR APPELLEE.

### CLASSIFICATION OF AUTHORITIES.

1. Mandamus was not the proper remedy in this case. Cassidy, &c. v. Young, 92 Ky., 229; Shine, &c. v. Railroad Co., 85 Ky., 179; Dickens v. Cave Hill Cemetery Co., 93 Ky., 389; Booe, County Judge, &c. v. Kenner, 49 S. W., 331; Galbraith v. Williams, 50 S. W., 687; Atkinson, &c. v. Riley, 63 S. W., 752; Hoke v. Commonwealth, 79 Ky., 567.

2. Mandamus will not lie where there is any other adequate remedy.     Kentucky Statutes, sec. 4241; Adair v. Hancock Deposit Bank, 53 S. W., 297; Shine, &c. v. Railroad Co., (supra.) 85 Ky., 177; Preston, &c. v. Fidelity, &c. Co., 94 Ky., 295;

State, &c. v. McKee, 51 S. W., 424; High on Ex Rem., 3d ed., sec. 16; Aycock, &c. v. Clark, 60 S. W., 666; *Ex parte* Newman, 14 Wall., 169, 170.

3. Mandamus won't fit relator's prayer. Cassidy, &c. v. Young, (Supra.) 92 Ky., 229.

4. There was no allegation in the petition or statement showing that any property had been omitted. Sec. 4241, Kentucky Statutes; sec. 4090, Kentucky Statutes; sec. 4097, Kentucky Statutes; secs. 4087, 4091, Kentucky Statutes; Howes v. Walker, &c., 92 Ky., 258.

5. County court had no jurisdiction. General Statutes, 1873, p. 744; General Statutes, 1887, p. 1042; Kentucky Statutes, sec. 4102; General Statutes, 1887, p. 1025; General Statutes, art. 4, chap. 92; Kentucky Statutes, secs. 4096 to 4104; Kentucky Statutes, sec. 4077; Board of Councilmen v. Stone, 56 S. W., 680; Board of Councilmen v. Stone, (Supra.); 58 S. W. Rep., p. 373; C. N. O. & T. P. R. R. Co. v. Com., 81 Ky., 492; Ky. R. R. Tax Cases, 115 U. S., 321; Vanceburg, &c. T. P. R. R. Co. v. M. & B. S. R. R. Co., 63 S. W., 749; Louisville Tobacco Wh. Co. v. Com., 49 S. W, 1070; State v. Austin, &c., R. R. Co., 60 S. W., 886; State, &c v. Nashville, &c., R. R. Co., 34 S. W., 1023; Louisville & Jeffersonville Ferry Co. v. Com., 57 S. W., 624; Vanceburg, &c. Co. v. M. & B. S., (Supra.)

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY—REVERSING.

It appears from the petition in this case that F. Stanley Watson, auditor's agent, filed in the clerk's office of the Mason county court a statement authorized by Kentucky Statutes, section 4241, the object of which was to have certain property belonging to the Chesapeake & Ohio Railway Company assessed for taxation. It further appears that the county court of Mason county refused to take jurisdiction of the complaint, and refused to determine whether or not said property was liable to assessment or subject to taxation. The object of this action is to obtain a writ of mandamus against the county judge of Mason county requiring him to entertain jurisdiction of said case, and to decide the same on its merits, to proceed upon the facts pleced before him by the relator, to ascer-

tain as near as practicable, and to cause to be for-
warded to the auditor, the compulsory reports of these cor-
porations thus obtained, and to proceed as required by law.
To this petition a demurrer was filed on behalf of the de-
fendant on the ground that the petition did not state facts
sufficient to constitute or support a cause of action, which
demurrer was sustained by the court, with leave to plain-
tiffs to amend, and, they declining to amend, the petition
was dismissed, from which judgment this appeal is prose-
cuted.

The only question which we deem it necessary to con-
sider is whether or not appellants were entitled to the
peremptory mandamus, and we shall not undertake to de-
cide whether the property sought to be subjected to taxa-
tion was in law liable to assessment or taxation. It will
be seen from this record that the appellee county judge
refused to try or consider the question as to the liability
of the railway, or whether the property in question had
been omitted by any of the authorities authorized to assess
the same. In short, the county judge declined to try and
pass upon the legality of plaintiff's claim, and it appears
also that from the petition, and as a matter of
law, we hold that no appeal could be prosecuted
from the order of the county judge aforesaid. It is
contended for appellee that the writ of mandamus could not
be legally issued. If this be true, and if also it be true
that there is no appeal from the order refusing to enter-
tain jurisdiction, then the appellant is without any remedy.
It will be seen from an examination of section 4241, Ken-
tucky Statutes, that it is made the duty of the sheriff or
auditor's agent to cause to be listed for taxation all prop-
erty omitted, or any portion of property omitted, by the
assessor, board of supervisors, board of valuation and as-

sessment, or railroad commission, for any year or years. The section further provides for the filing of a statement containing a description etc., of the property, and the value of corporate franchise, if any, together with the names and places of residences of the parties owning such property. It is further provided that at the next regular term of the county court after notice has been served five days, if it shall appear to the court that the property is liable for taxation, and has not been assessed, the court shall enter an order fixing the value thereof at its fair cash value, estimated as required by law, if not liable, he shall make an order to that effect. It is further provided as follows: "From so much of the order of the court deciding whether or not the property is liable to assessment, either party may appeal, as in other civil cases, except that no appeal bond shall be required where the court decides that the property is not liable to assessment or taxation." Various other provisions are embraced in the section not necessary to refer to. It seems clear to us that there can be no appeal from any order of the county court in respect to the matter in controversy, except as provided by the section supra; and, inasmuch as the court refused to adjudge whether or not the property was liable to assessment or taxation, and that being the only judgment or order from which an appeal is allowed, it seems clear that no appeal could be prosecuted from an order dismissing the proceeding without rendering a judgment as provided by law.

If the facts stated by plaintiff are true, the property in question was omitted; but as before stated, we shall not undertake to decide whether the property ought to have been assessed in Mason county, or whether it had been omitted. That question must be primarily decided by the county court of Mason county. It seems to us that the

duty and power of the circuit court to issue a mandamus in a case like the present one is not an open question. This court, in Hoke v. Com., 79 Ky., 567, 3 R., 407, dis-cusssed at great length the duty of the county court to make an assessment of omitted property upon the insti-tution of proceedings in the county court by the auditor's agent; and also expressly held that, where the county court failed to hear and determine as to the liability of the property to assessment, a mandamus should be award-ed against him—not to control his judgment as to the lia-bility of the property to assessment, but merely to compel him to hear and determine that question. The common pleas court of Jefferson county had awarded a mandamus to compel the county judge to hear, consider and determine the question, and this court, in a very exhaustive opin-ion, affirmed the judgment of the common pleas court.

We deem it unnecessary to discuss the various author-ities relied on by the parties. We are of opinion that it was the duty of the county judge to hear the case presented by the auditor's agent, and render a judgment holding the property liable to be assessed, or holding that it was not liable; in which event either party could have appealed to the circuit court. The dismissal by the county judge for lack of jurisdiction was in no sense a judgment determining whether the property was liable to assessment or not.

For the reasons indicated, the judgment appealed from is reversed, and cause remanded, with directions to the cir-cuit court to overrule the demurrer, and for proceedings consistent herewith.

Judges Paynter, Hobson and Burnam dissent.

Petition for rehearing by appellee overruled.