The opinion of the Court was delivered by
Gibson J.
The plaintiff below brought an action of assumpsit against the defendants for boarding the testator, to which the latter pleaded non asssumpserunt, payment, and set-off. At the trial, the defendants having paid into Court all the costs that had accrued, and a further sum equal to all that could accrue, offered Livezy as a witness: he was objected to as being a party and interested, and the Court sustained the objection. The interest arising from his liability for costs, was completely removed by the payment of the costs that had accrued, and the deposit to answer any that might subsequently accrue ; for the latter must be considered as having been made under an implied stipulation, not to demand a return, or exact costs in case the verdict should be favourable. But the interest of the witness as a party, is *371 more material. The general rule is, that to disqualify, the witness must have an interest, not merely in the question, but in the event of the suit; but what constitutes such an interest in the event of the suit, has not yet been clearly defined. The rule most comprehensive in its nature, and, as a test, most easy in its application, is that which excludes the witness wherever the verdict may be given in evidence, for or against him, in another suit. Still, there are many cases that are independent of this rule, in which the witness is excluded, although the verdict would not affect him in another suit: of these, Mr ..Phillips has, in his treatise, (page 61,) given various examples. I would suggest, that wherever the verdict may create a new responsibility, which the law would recognise and render available in favour of, or against the witness, or increase or decrease an existing one, he ought to be rejected. It is plain, however, there are many cases that would be exceptions even to this, as a general rule: some where the witness, notwithstanding a positive interest, is admitted from necessity; and some entirely anomalous, depending on precedent. But though a witness may be competent where the verdict can not be given in evidence for or against him, I believe there is no exception to the rule that he is disqualified where it can; unless perhaps in the case of factors, agents, or servants who are sometimes witnesses from necessity. Now here the defendants have, by their pleas, admitted assets, to the value of the plaintiff’s claim, to be in their hands, and by the verdict are fixed for that amount. The judgment, it is true, is de bonis testatoris, and an execution can, in the first instance, be levied only on the assets; but if assets cannot be found, the defendants will in the end, have to answer out of their own estate. As between themselves and the plaintiff in the suit, the executors, by suffering a recovery, make the testator’s goods substantially their own, and incur a direct, though not an immediate, responsibility. They are under the same obligation to produce effects of the testator to answer an execution, that special bail are under to produce the body of their principal. The original judgment is the foundation of every subsequent proceeding ; whether it be an action of debt, with a suggestion of a devastavit; a scire fieri inquiry, or any other mode directed personally against the executors ; and is, as to the matter of assets, conclusive ; for the defendants can discharge themselves only *372 by producing effects of the testator sufficient to satisfy the debt. It is unquestionable, that an executor defendant is incompetent where the plea is plene administravit; for the very gist of the defence, not going to the merits as between . . . the plaintiff and the testator is, that the executor is not liable to pay. I can see no difference where the defence is personal to the executor, and where it goes to the original merits : for the judgment is the same, as to responsibility, and from it are obtained the same legal results. It is immaterial whether assets be found by the jury, or admitted, by the pleadings : the fact is conclusively established either way, and is followed by exactly the same consequences. Whether the judgment be, in the first instance, immediate against the executors, or one that requires a second proceeding to make it personally operative on them, is of not the least importance: in either case there is an interest sufficient to exclude. I give no weight to the argument, that it did not appear to the Court below, that there was an actual deficiency of assets, and therefore it might be, that the witness would never be personally called on : it was sufficient there was, in that particular, a chance against him : and in that chance he had a present interest. A contingent interest will not, I grant, disqualify; but it will not be considered contingent, merely because it is uncertain whether it will ever become operative. In an action of ejectment, a tenant cannot be a witness in favour of his landlord’s title: for the verdict would be conclusive against him in an action for mesne profits: yet it must always be uncertain, whether, after a recovery, ah action for mesne profits will be brought. So in Snyder’s lessee v. Snyder, 6 Binn. 483, a husband was rejected, because in the event of a recovery, his wife would, if she outlived him, have received a benefit after his death. Many examples might be given. To speak analogically, there must be an interest vested at the time ; but the uncertainty of its ever taking effect in possession, is immaterial. But the case before us‘ has already been decided by this Court. Dehuff v. Moore’s executors, 3 Yeates, 157. It was impossible for the Court below to go into an examination of the state of the assets; or for the plaintiff to come prepared to shew a deficiency : whether there were sufficient was a máttér peculiarly within the knowledge of the defendants. But if the fact of sufficiency had even been established, still whether the *373 assets might not be swept by other executions or sold by the defendants themselves, could not be foretold by any one. I am of opinion, therefore, the witness was rightly rejected.
Judgment affirmed.