The opinion of the Court was delivered by
Tilghman C. J.
It has been urged as a reason for a new trial, that the word about, did not authorise so great a latitude of construction; because other creditors of William. Smiley, might have been induced to execute a release to him, (the terms of the assignment requiring a release, before any creditor should be entitled to a dividend,) on the supposition that Liberty Brown's debt amounted to no more than 11,000 dollars. Rut upon full consideration, of the instrument of *403 assignment, it is the opinion of the Court, that Liberty Browne’s debt, upon the face of the writing, appeared to be not exactly limited to the sum of 11,000 dollars, but to be left open to future adjustment,. and that the dividend was to be drawn upon the sum really due, whether more or less than 11,000 dollars. We do not mean, that the amount was so indefinite, as to reach to 20, or 30,000 dollars, but that the sum now in contest, is not an unreasonable excess. It is to be remembered, that if other creditors executed releases, so likewise did Liberty Broxvne, and it never could have been his interest, to have his debt estimated at less than its real amount.
There is another question for consideration. Liberty Browne was offered as a witness for the real plaintiff, Zalegman Phillips, having received a release from him, and was admitted by me, though objected to by the defendants. Before his admission, Mr. Phillips paid into Courts a sum sufficient to cover all the costs of suit. I cannot entertain a doubt on the competency of this witness. Until he received a release, he was interested, because he stood liable to Zalegman Phillips as indorser of the notes held by him. • But after the release, he had no interest. It was necessary to use his name, in order to let Zalegman Phillips in to the fund in the hands of the assignees; but Liberty Browne never had any claim to the money to be recovered in this suit, which was marked on the docket, for the use of Zalegman Phillips, when the original writ issued. We have no court of chaneery, and therefore are obliged to sustain actions (in the name of one person, for the use of another. But in such cases, the person for whose use the suit is brought, is considered as the plaintiff: an attachment for cost's may issue against him, nor is the person whose name is made use of, liable for the costs. This I consider as our practice, long settled, and well understood. The case of Steele v. The Thmnix Insurance Company, 3 Binn. 306, was much stronger than this. The mere circumstance therefore, of Liberty Browne’s name being used as plaintiff, was no objection to his testimony, and having no interest in any other respect, he was a competent witness. If is the opinion of the Court, that the motion for a new trial should not be granted, and that judgment should be entered for the plaintiff, upon the. verdict.
Motion for a new triál refused.