The opinion of the court was delivered by
GibsoN, J.
Steele v. The Phoenix Insurance Company, decides the point, that no objection lies to the competency of a witness, because he is a plaintiff on the record, and was the real party in interest when the suit was brought, if he has in the mean time divested- himself of all the interest which he had in the subject of the action. But as this is an action of trespass de bonis asportatis, it is urged that the property in the damages expected to be recovered, being for a mere tort, is so peculiarly attached to the person as to be inseparable from it; and consequently, that the interest of the plaintiffs in the subject of the suit, could not be assigned, because, before an actual recovery of damages, there was nothing for an assignment to operate upon. There are, undoubtedly, some injuries which so peculiarly adhere to the person of him who has suffered them, as to preclude an assignment of his claim to compensation for them, so as to make him a. witness: such, for instance, as slan *249 der, assault and battery, criminal conversation with the partys wife, and many others that might be mentioned; the right to compensation for any of these, would not pass by a statute of bankruptcy, or an assignment under the insolvent acts, nor could it be transmitted to executors or administrators. But this does not hold with respect to a trespass committed against, a party’s goods, the remedy for which survives to the personal representative, by the statute 4 E. 3, c. 7; which clearly shows, that such a cause of action is separable from the person of the owner; and it cannot be doubted, that it would pass by a commission,of bankruptcy; for, before actual recovery of damages for the trespass, the property, in the goods . themselves, remains in the original owner, or those who represent him. The subject matter of the demand, therefore, being clearly assignable, the objection on that ground cannot be sustained.*
It is further objected, that there was nothing to show, that the assignment was accepted by Goodwin and Jones, or that they ever knew of it. On this part of the case,-the bill of exceptions is not explicit, but enough appears to show that the plaintiffs below, had received these, very goods from Goodwin and Jones, on consignment; and the assignment of the action to them was, therefore, for a valuable consideration ; and as it was beneficial to Goodwin and Jones, their assent must be presumed. This principle was fully decided in Smith v. The Bank of Washington, 5 Serg. & Rawle, 318.
Another ground of objection is, that although a sufficient sum to cover all the costs that had accrued, or might accrue, was paid in the cause, yet as the plaintiff did not expressly stipulate, not to claim a return of any part of the costs so paid, in case of a verdict against the defendant, there was still an existing interest in the .witness, who being liable for costs, would divest himself of it only by an absolute and unconditional payment of all the costs in the suit. This objection is rested on an expression of the Chief Justice in Ash v. Patton’s, Admrs. 3 Serg. & Rawle, 300, butitis nottheresaid, that the stipulation must be express. The very act of paying costs to remove a disqualification on account of interest, includes in it a stipulation, that the costs are paid on conditions which are to have the effect of completely removing the interest objected to: and apayment on terms which; in case of a verdict against the adverse party, would enable the party on the record, to get something back, could not have that effect: his interest in promoting a recovery would remain. Then, for what purpose insist on having an express stipulation on the record ? In taxing the bill, the court would inquire into the conditions on which the costs were paid, and be governed by a consideration of the fact, that they had been paid actually to divest the party of interest, so as to'make him a competent witness. But the very point was determined in Conrad v. Keyser, 5 Serg. & Rawle, 370, where it is said, that the act of payment is itself, a stipulation.
*250 The error assigned, with respect to the charge, cannot be sustained. The re assignment of the property by Fowle & Co. to the plaintiffs on the record, vested the title in them, and gave them a right to immediate possession. This right of property drew after it a constructive'possession, which is all that is necessary to sustain an action of trespass. The judgment, therefore, is affirmed.
Judgment affirmed.