The opinion of the court was delivered by
Gibson, C. J.
Decisions on the English statute reflect no light on our act of assembly. By the statute, wills are to be signed by the devisor, and attested and subscribed in his presence by three or four credible witnesses; without which they are to be utterly void. Hence, a question which was long agitated in the English courts, and finally settled by an act of parliament, whether the witnesses must be credible at the time of attesting. It was, however, not a question of competency, but of form; the doubt being not whether the witness were qualified to speak, but, whether he had been qualified to act a part in the ceremony about which he was called to speak, attesting by witnesses credible at the time, being thought by some as necessary to a will, as sealing and delivery are to a deed. It was argued, that if the word credible were to go for any thing, the design of the act, vrauld not be answered by the attestation of a person who, at the time spoken of, was in contemplation of law, destitute of all legal credibility whatever. But, it must be obvious from the general looseness of the phraseology, that the word found its way into the statute, without being intended to have a definite meaning or legal operation; and that if it were in fact designed to express a necessary attribute of any of the actors in the ceremony, it was too indefinite to render it capable of judicial cognisance. It was evidently thrown in along with the “ three or four” witnesses, by way of sage counsel and advice; and we feel surprise, in finding the knot deemed worthy of the legislative sword. But, however this may be, it is sufficient for the purpose, that no such question is presented by our act of assembly, which requires neither signing nor attestation, nor any other act as an integral part of the ceremony of execution, but provides only for the mode of proof, which is to be, “ by two or more credible witnesses, upon their solemn affirmation, or by other legal proof.” Here indeed, we find the legislature using the same word, but in a way which demonstrates that they did not contemplate the existence of credibility at the time of attesting; for those *317 who are called to make the necessary proof, may not have attested, nor been witnesses at all at the time of executing the paper. As to every thing butthe number of the witnesses, the proof is tobe according to the common law; and absurd consequences would follow were it otherwise. An accidental observer having released, would be competent, although he would have been otherwise, if at the request of the testator he had subscribed his name: or, if an interest at the date of the transaction were sufficient to disqualify per sc, one who should release would be incompetent to prove the testator’s handwriting, although perhaps ignorant of his interest till the moment of renouncing it, and although it be impossible to understand how an interest of which the party is unconscious, can create a bias. Such a conclusion should be adopted only on compulsion from positive and unambiguous terms which, however, are not to be found in the act of assembly.
Judgment reversed, and judgment on the case stated rendered for the plaintiff in error.