[Sunbury, June 25, 1829.]

## M'ILROY and another *against* M'ILROY and another.

### IN ERROR.

A legatee who has assigned his interest under the will to another person, is a competent witness to prove the will, although the consideration of the assignment is a bond for a given sum, payable to him at a future day.

Error to the Court of Common Pleas of *Huntingdon* county.

On the trial of an issue directed by the Register's Court of *Huntingdon* county, to determine the validity of a paper, purporting to be the last will of *Thomas M'Ilroy*, *William*, his son, who was named in it as one of the executors, and also, had a legacy bequeathed to him, was offered as a witness in support of the will. He had formally renounced the executorship, and had, by an instrument, reciting a consideration of one hundred and fifty dollars, *released* his interest as a legatee to *William M'Williams*, and *Ann* his wife, which *Ann* was one of the children of *Thomas M'Ilroy*. The asserted consideration had not, however, been paid to *William M'Ilroy*, but rested on a single bill given by *William M'Williams* for that amount, and was expressed " to be paid absolutely." The court admitted the witness, and a bill of exceptions was taken.

The writ of error was argued by *Bell* and *Hale*, for the plaintiffs in error, who contended, that the bond could not be enforced by *William M'Ilroy* against the obligor; and, therefore, the release was without consideration. But a release will not render the witness competent, who was otherwise at the execution of the will. 1 *Phil. Ev.* 173, 174. *Peake's Ev.* 428. *Jackson* v. *Woods*, 1 *Johns. Ca.* 163. *Newlin* v. *Newlin*, 1 *Serg. & Rawle*, 275. 12 *Mass.* 361. 4 *Dess.* 274.

*Miles, contra,* contended, that the witness was admissible; observed upon the difference between our act of assembly and the *English* statute, and quoted, *Hight* v. *Wilson*, 1 *Dall.* 94. *Rossetter* v. *Simmons*, 6 *Serg. & Rawle*, 452. *Wyndham* v. *Chetwynd*, 1 *Burr.* 417. 3 *Harr. & M'Hen.* 513. *Dornick* v. *Reichenbach*, 10 *Serg. & Rawle*, 84. *Lessee of Cain* v. *Henderson*, 2 *Binn.* 108. *Lessee of Johnson* v. *Eckart*, 3 *Yeates*, 427. *Lessee of Sweitzer* v. *Meese*, 6 *Binn.* 500.

The opinion of the court was delivered by

Gibson, C. J.—The witness is the son of the testator, and was named an executor and a legatee; but, having renounced the executorship, and parted with his legacy to his sister and her husband, the court admitted him as competent to prove the execution of the will. One ground of objection, that he is incompetent from interest

which existed when the will is supposed to have been made, was overruled in *Kerns* v. *Soxman*, 16 *Serg. & Rawle*, 315; and the question, therefore, is, whether he now stands clear of interest as a legatee. The release, as it is called, to his sister and her husband, was an equitable assignment; and, the witness could not be affected by the verdict, whether the will were established or not, as the note given for the consideration, contained a stipulation, that it should be paid in any event. He stood, therefore, precisely as any other disinterested assignor, who is a competent witness, whether he has parted with his property in the thing, before suit has been brought to recover it, or afterwards. *Steele* v. *The Phœnix*, 3 *Binn.* 306, in which this was directly decided, perhaps, for the first time, is not only consistent with the principles of all the *English* and *American* modern authorities, but particularly fortified by *Browne* v. *Weir*, 5 *Serg. & Rawle*, 401; *Jacoby* v. *Laussatt*, 6 *Serg. & Rawle*, 300; *Patton's Administrators* v. *Ash*, 7 *Serg. & Rawle*, 116; *Richter* v. *Selin*, 8 *Serg. & Rawle*, 425; *Fetterman* v. *Plummer's Administrator*, 9 *Serg. & Rawle*, 20; *North* v. *Turner*, 9 *Serg. & Rawle*, 244; *Stoever* v. *Stoever*, 9 *Serg. & Rawle*, 434; *Dornick* v. *Reichenbach*, 10 *Serg. & Rawle*, 84; *Porter's Executors* v. *Neff*, 11 *Serg. & Rawle*, 208; *Willing* v. *Peters*, 12 *Serg. & Rawle*, 177, and *Willing* v. *Consequa*, 1 *Peters*, 307: a phalanx of authorities, which, were I even so inclined, I should deem myself incompetent to overthrow. But they are in accordance with the spirit of the age which has brought order out of confusion, and of the rude anomalies of early times, when the jury was frequently plunged into darkness by a suspicion, that any light which was not of the very purest kind, might lead them astray, constructed a system of principles, founded in technical reason, no doubt, but consistent at least with each other. Not the least valuable among these, is that principle which prevents a witness from being excluded on the ground of interest, where the legal consequence of the verdict will not be the gain or loss by him, of a right which may be made a subject of contest in a court of justice. What is the objection here? Not that the right of the witness to recover the consideration of the assignment, will be made better or worse by the verdict; but, that there may possibly be a secret agreement, that the legacy shall be re-assigned as soon as the will shall have been established; and, that thus, a party may in reality be a witness in his own cause, without affording his antagonist the same advantage. But such an agreement could not be enforced, and, like every other which rests on the honour of the parties, it would furnish an objection only to the witness's credibility. We must, at least, suppose that jurors are capable of weighing and making proper allowance for motives that may create a bias, for if they are not so in fact, the boasted excellence of the trial by jury, is a miserable delusion. As to the inequality of advantage between the parties, it is one of those inconveniences which necessarily spring from the imperfection of human institu-

(M'Ilroy and another *v.* M'Ilroy and another.)

tions; and which cannot be remedied without perhaps producing something worse. On principle and authority, therefore, it seems to me the witness was properly admitted.

HUSTON, J. and TOD, J. dissented.

Judgment affirmed.