Wri&ht, J.,
delivered the opinion of the Court
On the 11th of July, 1857, Wm. Galbreath, a justice of the peace of Bedford county, rendered a judgment in favor of Letsy Cannon against John M. Warner, as principal, and John W. Rutledge and R. P. S. Kimbro, as endorsers, for $470.86 and costs.
On the 20th day of the same month, E. Trail, the defendant in error, wrote and handed to said Warner the following instrument:
“ Mr. Galbreath, Esq. You may set my name as stayor to a debt against John M. Warner for about four hundred dollars, in favor of Letsy Cannon, in the hands of C. A. Warner. July 20th, 1857.
“E. TRAIL, [seal.]”
The plaintiff proved by Wm. Galbreath, the justice who rendered the judgment, that John M. Warner brought *284 him the above order, and that with the consent of Letsy Cannon, the plaintiff, he received it and entered said Trail as stayor to the judgment.
This order was the only evidence of Trail’s consent to be the stayor.
The plaintiff offered to prove by C. A. Warner, that he was the deputy sheriff of Bedford county, and that the note upon which said judgment was rendered, was placed by the plaintiff in his hands to collect; that he took out the warrant against the maker and endorsers, and returned the same to William G-albreath, for trial, and that he had no other debt against said John M. Warner in favor of the plaintiff; and, by saiu Galbreath, that there was no other judgment in favor of the plaintiff against John M. Warner, rendered by him.
But the Circuit Court rejected this evidence, and held the order to be invalid and insufficient upon its face, and that extrinsic testimony could not be received to aid it, so as to bind the defendant.
In this we think the Circuit Court erred.
The cases of Barr v. McGregor and Rhodes v. Chappell, 11 Hum., 518-527, establish the principle, that if the description of the judgment to be stayed be not full, extrinsic evidence may be received to aid the defective description. But that the written authority to the justice must, upon its face, contain such reference to, and description of the judgment, the execution on which is intended to be stayed, in some one or more particulars, as without the aid of extrinsic evidence, will render it reasonably certain that the judgment referred to in the written authority is the identical judgment to which the stayor intended to become surety.
*285 But that parol evidence can be of no avail to establish that the written authority was intended to apply to a judgment to which the writing upon its face, in no one certain and distinctive particular, relates.
An application of these rules to the authority in the present case, and the extrinsic evidence given and proposed to be given, and excluded by the Court, will, we think, show that the defendant in error was bound as stayor in the case.
The authority was certainly not void upon its face.
It described the debt as about four hundred dollars, in favor of Letsy Cannon against John M. Warner, in the hands of C. A. Warner; and, evidently, referred to a debt in judgment, or to be t put in judgment, before a justice of the peace by the name of Gralbreath; for it can have no other meaning.
Now who would say that if the extraneous evidence had shown a state of facts corresponding in every particular with this written authority, in the persons, amount, and justice referred to, it was invalid as an authority? We think no one.
The question then is, does the extrinsic evidence sustain the description in the written authority with sufficient certainty ? And we think it does.
In the two cases before referred to, there was no reference whatever in the writing to the amount of the debt or judgment to be stayed. Here it is described as about four hundred dollars; and it is shown by the proof to be $4T0„86. This latter sum, we think, may be embraced within the former. In Brown v. Weir, 5 Serg. & Rawle, 401, where a debt was described in an assignment as about $11,000, which was, in fact, up *286 wards of $13,000, it was held the- trust included the latter sum. See, also, the case of the Dedham Bank v. Richards, 2 Metcalf, 105; Burrill on Assignments, 252.
Here the plaintiff, Letsy Cannon, and the defendant, John M. Warner, are accurately described.
The judgment is shown to have been before William G-albreath, a justice of the peace of Bedford county, and that there was no other judgment or justice to which the writing could refer. And it is also further identified by the fact that this claim was in the hands of C. A. Warner, a deputy sheriff of Bedford county, for collection.
But it is said, that though the debt was against John M. Warner, yet it was also against two additional parties, to wit, Butledge and Kimbro, not mentioned in the authority. This is true; but they were merely endorsers, and he the principal debtor. And, besides, he could stay it without them; and it was, no doubt, regarded as his debt. Moreover, this objection is held in Dilliard v. Askew and Lancaster, 3 Hum., 536, to have nothing in it.
It is next objected that the judgment was rendered the 11th, and the authority for the stay is on the 20 th of July. But a judgment may be stayed at any time before it is paid, or execution issued, by the plaintiff’s consent. 10 Hum., 272.
It is finally said, the authority upon its face refers to a debt not in judgment, in the hands of C. A. Warner, and that, in fact, this debt was then in judgment, and not in the hands of Warner, and so not within the authority. But this is not the true construction of the authority. It evidently embraced the debt, *287 whether in judgment or not. And we know that when a claim is placed with an officer for collection, it is universally understood to remain in his hands and under his management, until the money is collected and paid over to the creditor.
We think, therefore, that it appears with sufficient certainty that this was the judgment which the defendant in error, Trail, intended to stay.
Judgment reversed, and cause remanded.