Lazard *v.* Wheeler.

---

## LAZARD *v.* WHEELER.

22  139
117  416

REPLEVIN lies for all goods and chattels unlawfully taken or detained, and may be brought whenever one person claims personal property in the possession of another, and this whether the claimant has ever had possession or not, and whether his property in the goods be absolute or qualified, provided he has the right to the possession.

Where personal property is wrongfully detained, the owner may assign his title thereto, and the assignee may maintain an action therefor.

A right of action for the wrongful taking and conversion of personal property is assignable, and under the provisions of the code the assignee can recover upon the same in his own name.

The complaint averred that defendant wrongfully took and detained from one Johnson certain county warrants owned by the latter; that subsequently Johnson assigned to plaintiff his right in the warrants and the moneys which might be made on the same; and, that after this assignment plaintiff demanded the warrants from defendant who refused to deliver them : *held*, that this complaint stated a sufficient cause of action; that as assignee of Johnson, plaintiff was entitled to recover the warrants or their value with damages for detention accruing after the assignment.

APPEAL from the First Judicial District.

The facts are stated in the opinion.

*R. H. Loyd*, for Appellant.

The assignment made in this case is not of a mere tort, or a chose in action arising out of tort, but of the property itself; and the suit is brought, not for the damages arising from a tort, but for the property. If the warrants are choses in action they do not arise or grow out of the tort committed by defendant in taking them; they existed before the taking and therefore could not arise out of it. In *Oliver* v. *Walsh* (6 Cal. 450), cited by respondent, the chose was created by and arose out of the tort of defendant. The New York decisions cited by respondent were made in actions brought to recover damages arising out of tort; that is, damages that were created by the tort committed before the assignment. The decisions in that State under the code are to the effect that after the conversion of a chattel, or an injury to real or personal property, the owner may either sell the chattel itself, or assign his right of action for the conversion. (*Hall* v. *Robinson*, 2 Comstock, 295, 296—where the case in 12 Wend. cited by respondent is virtually overruled;—*Cass* v. *New Haven R. R. Co.*, 1 E. D. Smith, 522; *McGinn* v. *Warden*, 3 Id. 335; *Wilson* v. *Cook*, Id. 252; *Horell* v. *Kroose*, 4 Id. 357; *McKee* v. *Judd*, 2 Herman, 622; *Hoyt* v. *Thompson*, 1 Seld. 346, 347.) In Pennsylvania it has also been decided that, "an action of trespass, *de bonis asportatis*, was assignable. (*North* v. *Turner*, 9 Serg. & R. 248, 249; see also *Brig Sarah Ann*, 2 Sumner, 211; *Hunt* v. *Robinson*, 11 Cal. 277.)

*John Reynolds*, for Respondent.

The complaint shows upon its face, that the wrongful and unlawful taking of the warrant was while Johnson was the owner; and that before he assigned the right of action to the plaintiff, Johnson demanded them from the defendant, who refused to deliver them upon such demand, but kept and detained them unlawfully from him. This was a conversion of the property, and a wrongful

appropriation of the warrants to his own use before the assignment. Therefore, Johnson could not sell the warrants themselves but the right to sue for the property only. The assignment was nothing more than the transfer of a right of action, or a right to litigate arising out of a tort. An assignment of that nature was never allowed either at law or in equity, nor is it allowed under the statute of this State, nor even under the code of New York, which is much broader than that of our State. ( *Oliver* v. *Walsh,* 6 Cal. 456; *Wayburn* v. *White,* 22 Barb. 82; *Zabriskie* v. *Smith,* 3 Kernan, 333; *Same case,* 322; 11 How. 97; 4 Duer, 660; *Broughton* v. *Smith,* 26 Barb. 635; *Thurman* v. *Wells, Fargo, et al.,* 18 Id. 500; *Gardner* v. *Adams,* 12 Wend. 297.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

The complaint in this case avers that on the first day of June, 1859, the defendant wrongfully took certain county warrants, owned by Charles R. Johnson, and refused to deliver the same to Johnson upon demand, but unlawfully kept and detained the same; that on the first day of November, 1859, Johnson sold, transferred, and assigned to the plaintiff all his right, title, and interest, in the warrants and the moneys which might be made on the same; that plaintiff has often since demanded the warrants of defendant, who refused to give them up; and that the warrants are of the value of eight hundred dollars; concluding with a prayer for judgment for the delivery of the warrants; or if a delivery cannot be had, then for their value, with three hundred dollars damages for the unlawful detention and costs of suit. To this complaint the defendant demurred, alleging as ground of demurrer that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and judgment rendered for the defendant for costs, from which the plaintiff appeals.

The questions necessary to determine this case are : 1st, can property of this kind, in the possession of a wrongdoer, be assigned by the owner? and 2d, can such assignee maintain an action to recover the possession of the property, or for its value if possession cannot be had, with damages for its detention ? It does not appear

that the plaintiff sues to recover damages for the detention of the property prior to the assignment to him, so that the question, whether a right of action arising out of a tort is assignable, is not properly before us.

Replevin lies for all goods and chattels unlawfully taken or detained, and may be brought whenever one person claims personal property in the possession of another, and this whether the claimant has ever had possession or not, and whether his property in the goods be absolute or qualified, provided he has the right to the possession. (Morris on Replevin, 37.)

Where personal property is wrongfully detained, the owner may assign his title thereto, and the assignee may maintain an action therefor. (Cass v. The N. Y. and N. H. R. R. Co., 1 E. D. Smith, 522; McGinn v. Worden, 3 Id. 355; Hall v. Robinson, 2 Comstock, 295; The Brig Sarah Ann, 2 Sumner, 211; 2 Hilliard on Torts, 275.)

A right of action for the wrongful taking and conversion of personal property is assignable, and under the provisions of the code the assignee can recover upon the same in his own name. (McKee v. Judd, 2 Kernan, 622; Hoyt v. Thompson, 1 Selden, 347; see also North v. Turner, 9 Serg. & Rawle, 244.)

The complaint in this case sets forth sufficiently a cause of action. The demurrer was therefore improperly sustained.

The judgment is reversed, and cause remanded for further proceedings.