## ONEIDA COUNTY COURT.

JOHN H. LAMPHERE respondent, agt. BARNARD A. HALL appellant.

*A cause of action* for damages for the fraud and deceit of the defendant in the false reading of the hour of appearance named in a summons served upon the plaintiff's assignor in a justice's court, by means of which a judgment was obtained against him without any defence, is *not assignable.*

*Oneida County Court, March,* 1864.

THIS was an action brought for the false reading of a summons by a person deputized as a constable, so as to

name a day different from the return day mentioned in the summons, whereby the defendant therein was misled, and judgment passed against him without any defence, to his damage by reason of losing his offsets, &c. The defendant assigned his claim for damages to the plaintiff in this suit, who recovered before the justice and a jury, and thereupon the defendant appealed to this court.

POMEROY & SOUTHWORTH, *for respondent.*
JOHN D. COLLINS, *for appellant.*

GEORGE W. SMITH, County Judge. The first question presented in this return is whether the fraudulent tort of a person acting in an official capacity, whereby a party suffers consequential damages, affords an assignable ground of action.

The familiar rule of the common law was, *actio personalis moritur cum persona*, and no action arising in the life time of the testator founded upon a wrong to person or property, and in form *ex delicto*, could pass to the executor. (*Wheatley* agt. *Lane*, 1 *Saunders*, 216, *note* 1, *and cases cited.*) The action survived only in cases of actions founded upon a contract, duty, or obligation, express or implied. (*Hambly* agt. *Trott, Cowp.* 371, 375.)

The statute of 4 *Edw. c.* 7, gave an action to the executor for trespasses to the goods and chattels of the testator in his life time, and that statute by a liberal interpretation was extended to cases of injury to the testator's property, whereby it became less beneficial to the executor. Among the actions thus given by this equitable extension of the statute were actions for false return (4 *Mod.* 403); for debt on a judgment suggesting a devastavit of the estate (2 *Ld. Raymond*, 973); for recovering goods taken on execution before the testator was paid his year's rent (1 *Str.* 212). But it will be found on looking into these cases that the actions were allowed because

of the injury to the testator's right to acquired liens upon, or vested interests in personal property. In the case of *Williams* agt. *Carey*, (4 *Mod.* 403,) which is nearest like that in hand, the action was for a false return by the sheriff, in setting forth that he had levied by virtue of a *fieri facias* issued on the testator's judgment only a certain sum, whereas in truth he had levied more. Here the plaintiff had acquired a right by reason of the levy, of which the false return of the officer tended to deprive him. And in referring to such a case, *Rolle's Abrigment* says, such an action will not lie ; and in the case itself, although frequently cited, no opinion appears to have been given, and only judgment *nisi causa*. So too, an action was allowed to the executor for an escape on mesne process in the testator's life time, the body of the prisoner being held as a pledge for the debt. Similar grounds of judgment are given in other cases of a like character. But among cases held not to be within the equity of the statute, are actions for slander, deceit and similar torts. (*Sir W. Jones*, 174 ; *Latch*, 168 ; 1 *Nent.* 187.)

The general principle to be deduced from these cases is, that where a party suffers consequential damages by a direct injury to a vested interest, right or lien, in respect of some particular property, as property levied on by virtue of an execution in his favor, goods upon which he has a lien for rent, tithes demandable by the parson, property of an estate wasted by an executor, escape of a person taken on execution and the like, an action survives to the executor. According to the observation of GOULD and PORRYS, Justices, in *Berwick* agt. *Andrews*, (2 *Ld. Raymond*, 973,) the ground of the action is that it " is a tort annexed to the goods," and that it arises " ex delicto mixed with a right."

The Code has introduced no new principle upon this subject, and the extent to which causes of action are transferred to executors and administrators, and by the bankrupt and insolvent acts, seems to remain the limit of the assign-

ability of actions.    Under the insolvent act of Pennsylvania, it has been held that even a claim for abuse of legal process against plaintiff did not pass, nor a claim for an excessive and malicious distress.    It is also held there that an action for a deceit is not assignable, and in this state it is said in 3 *Kernan*, that such an action has never been considered assignable.    (*Raymond* agt. *Fitch*, 2 *Cromp. & Mees. & R.* 588 ; *Sumner* agt. *Wilt*, 4 *Serg. & Rawle*, 54, 19, 28 ; *O'Donnell* agt. *Seybert*. 13 *id.* 54 ; *Zabriskie* agt. *Smith*, 3 *Kern.* 322.)

In *North* agt. *Turner*, (9 *Serg. & Rawle*, 244,) an action of trespass to goods was held assignable, on the ground of its relation to property, and the cases of *McKee* agt. *Judd*, (2 *Kern.* 622,) and *Gillet* agt. *Fairchild*, (4 *Denio*, 80,) are founded upon the same principle.

The tort complained of in *Zabriskie* agt. *Smith*, was for fraud and deceit in vouching for the solvency of a person who obtained credit from the plaintiff.    It was held not assignable.    No property was directly affected by the fraud, and it had no relation to any specific or distinct property or interest.    There was a resulting damage to the plaintiff's estate, but this was as much an element for fixing the compensation, as of the essence of the tort.    So assault and battery, slander and false imprisonment, may all consequentially affect a man's estate, but because they are wrongs primarily practiced upon him personally, they fall within the class of personal actions.    Torts which operate upon specific things or tangible rights and interests, themselves capable of assignment, and so are separable from the person, seem to be the only class of torts which can be assigned.    Other wrongs done to a party, although they may consequentially impair his estate, are personal, because they only affect his estate through himself.

The cause of action under consideration, is for the false reading by the defendant of the hour of appearance named in a summons served upon the assignor, by means of which

a judgment was obtained against him without cause. The wrong alleged is pure fraud and deceit practiced upon the assignor. It had no relation to his property, and could only reach his estate by misleading him. The false imposition is a personal wrong, but as we have seen, the torts which have been held to be assignable are injuries which have had their first and direct effect upon specific property rights. The law requires parties to redress in their own behalf the wrongs directed against themselves, and if they fail to do this, such causes of action die with the person, ·and they are not allowed to be transferred as instruments of litigation into other hands.

The case of *Ford* agt. *Chandler*, supreme court, 5th district, (unreported,) was for a false return of service of a summons in justice's court, when in fact no service had been made, whereby a wrongful judgment was obtained against him on the defendant's failure to appear. The justice held the demand not assignable, and nonsuited the plaintiff. That decision was reversed by the county court of Oneida county, and on appeal, the supreme court in 1851, in an opinion written by Justice ALLEN, sustained the nonsuit on the ground assigned by the justice. That case is not distinguishable from this.