# Murphy *versus* Borland.

1. A widow has a right to distrain for her dower, and she has the further right to avail herself of the common-law rule, that the goods of a stranger upon the demised premises are liable to be distrained for rent in arrear.

2. A distress was for the sum of $625, being the dower for one-quarter chargeable upon a particular property, and was made upon a tenant of a portion of the premises who rented the same from the devisees of the widow's husband for $1500 per annum. It was claimed by the tenant that the widow was only entitled to distrain upon his goods for the amount of rent he was to pay his landlords, viz.: $375 for the quarter, and the court sustained this contention. *Held*, that this was error and that the widow was entitled to distrain for all the dower which had accrued.

November 7th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county*: Of October and November Term 1879, No. 283.

Replevin by Joseph H. Borland against Thomas H. Murphy, for a lot of shoes, upon which the latter had distrained as the bailiff of Mrs. Margaret McClurg.

Mrs. McClurg filed a bill in equity at December Term 1874, praying that her dower in the estate of her late husband, Alexander McClurg, might be awarded to her. On January 12th 1876, a decree was made, fixing her dower at $3000 per annum and charging $2500 per annum thereof on certain property on Fifth avenue, in the city of Pittsburgh, payable quarterly. Her dower

[Murphy *v.* Borland.]

having fallen in arrear, she distrained for the quarter ending December 31st 1876 ($625), and levied upon goods of Joseph H. Borland, the plaintiff below, which were found on the premises. Borland was in possession as the tenant of the children (who were the only devisees) of Alexander McClurg. He sued out a writ of replevin, to which Murphy filed his cognisance, justifying the taking as the bailiff of Mrs. McClurg.

At the trial, before Bailey, J., it was proposed on behalf of plaintiff to show that Borland became the tenant of part of the McClurg property on Fifth avenue, the latter part of June 1875, at a rent at the rate of $1500 per annum, and that the tenancy continued until July 1877, when he quit the premises; that the demise to him was by the children and devisees of Alexander McClurg, through their agent E. J. Allen; that the first distress by Margaret McClurg for dower was levied upon the plaintiff's goods, namely, his stock of shoes, on the 15th December 1876; that prior to that date the plaintiff had paid his rent in full to the first of December 1876; that the second distress for Mrs. McClurg's dower was made in January 1877, and yet a third distress in May 1877; that all the plaintiff's rent which accrued after the first day of December 1876, and down to the time of the termination of the tenancy, July 1877, was needed to pay the dower embraced in the first distress, and was so applied.

Defendant objected, on the ground that Murphy made the distress and levied upon the goods because he found them on the premises, subject to the charge of dower, and therefore it was wholly irrelevant in what relation Borland stood to the McClurgs, whether as tenant or otherwise, or whether there was such rent due as would pay the arrearages of dower, or there was any rent due, Mrs. McClurg having an undoubted right to levy upon any goods that she found there, and sell them, unless interfered with by some proceeding in discharge of her claim for dower.

The court overruled the objection and admitted the evidence. (First assignment of error.)

The plaintiff then offered in evidence the petition of Mrs. McClurg, filed at December term 1874, praying for the appointment of a sequestrator; and the decree of the court making said appointment; to be followed by evidence, that said sequestrator had paid Mrs. McClurg out of the rents of said property, a sum in excess of all the arrears of dower embraced in the several distresses against the plaintiff, and more than sufficient to pay all her dower until the Borland tenancy ceased.

The defendant objected. First, on the ground that the decree of court, appointing the sequestrator, directs the payment of the rents and income of the property to the dower and arrearages of dower; and,

Second, if no appropriation had been made of the income of the

property, by the court, then the application that the law would make would be in favor of the creditor, Mrs. McClurg, and for her exclusive benefit; that where there were two funds, one of which was unsecured and the other secured, the law, in her favor, would apply any payments made by the sequestrator to the unsecured fund, being the arrearages of dower that accrued, due after these distresses were made.

The court overruled these objections and admitted the evidence. (Third assignment.)

The first point of the defendant, with the answer of the court thereto, was as follows: 1st. It is immaterial what amount of rent, or whether any, was due from Borland, as the tenant of the devisees of Alexander McClurg, to the said devisees, at the time Mrs. McClurg distrained his goods for her arrears of dower.

Ans. "The effect of this point is to rule that if Mr. Borland's rent was $375 a quarter, and the amount due Mrs. McClurg $625 a quarter, that notwithstanding the agreement on the part of Mr. Borland to pay $375, he could be levied on every quarter for $625, and be compelled to pay it. That point is refused. I do not understand that to be the rule." (Fifth assignment.)

In the general charge, the court, inter alia, said: "The seventh point of the defendant is refused. This would authorize you to find $625, which I do not mean you to find at all. I mean you have a right to find Mrs. McClurg is entitled to rent from Mr. Borland for three months, at the rate of rent which Mr. Borland was bound to pay to the landlord, which is, as I understand it, $375." (Eighth assignment.)

The jury, under instructions from the court, rendered a verdict that there was due Mrs. McClurg $375, with interest from January 1st 1877.

Murphy then took this writ and alleged, inter alia, that the court erred as set forth in the above assignments of error. (See the following case of Boland v. Murphy, *post*, p. 91.)

*J. M. Stoner* and *George P. Hamilton*, for plaintiff in error.— It is submitted that the court below misapprehended the principles that rule the case at bar. Mrs. McClurg distrained the goods of Borland because she found them on the premises that were charged with her dower, and her bailiff seized them as he would have done the goods of any one found there. Borland was a stranger as to her; and the proof as to the amount of rent that he agreed to pay, or had paid, to the McClurg devisees for the property, was wholly irrelevant. The rule of the common law, that the goods of a stranger upon the demised premises are liable to be distrained for rent in arrear, is the settled law of this state: Kessler v. McConachy, 1 Rawle 435; Adams v. La Comb, 1 Dall. 440; Scott v. McEwen, 2 Phila. R. 176; Sleeper v. Parrish, 7 Id.

[Murphy v. Borland.]

247; Karns v. McKinney, 24 P. F. Smith 387. Even the separate property of a married woman may be distrained for rent due by her husband: Blanche v. Bradford, 2 Wright 344.

*M. W. Acheson* and *S. C. Schoyer*, for defendant in error.— Mrs. McClurg having suffered the children and devisees of Alexander McClurg, through their agents, to lease the property and manage it generally, we submit that it is against all justice and right to permit her to vex and harass Borland by distress warrants, and compel him to pay $1250 in excess of the rent due by him.

The right of distress in case of a widow is a purely statutory remedy. We by no means contend that the decree in equity did not finally fix the widow's dower and make it a charge on the Fifth avenue property, What we contend is this, that the decree of the court was not to be enforced by distress. The writ of sequestration is an appropriate and ample remedy, and one which avoids injustice and oppression to the tenants.

In the *per curiam* opinion of this court, in the case of Borland *v.* Murphy, 4 W. N. C. 472, the right of the widow to distrain, is declared to be not free from doubt. After all, was not her true remedy by writ of sequestration?

Mr. Justice PAXSON delivered the opinion of the court, November 17th 1879.

The right of Margaret McClurg to distrain for her dower was settled in a former action of replevin between the same parties: Borland *v.* Murphy, 4 W. N. C. 472. The doubt expressed in the per curiam opinion was perhaps personal to the writer, and must not be accepted as interfering in any degree with the stability of that decision.

While there are several assignments of error there is really but one question. The distress was for the sum of $625, being the dower for one quarter, chargeable upon this particular property, and was made upon the goods of a tenant of a portion of the premises, who rented from the devisees of Alexander McClurg for $1500 per annum. It was claimed by the plaintiff that Mrs. McClurg was only entitled to distrain upon his goods for the amount of rent he was to pay his landlord. On the other hand the defendant contended that it was immaterial what amount of rent, or whether any rent was due from the plaintiff Borland, to the devisees of Alexander McClurg at the time Mrs. McClurg distrained his goods for her arrears of dower. This is the substance of the defendant's first point (see 5th assignment), and was answered by the court as follows: "The effect of this point is to rule that if Mr. Borland's rent was $375 a quarter, and the amount due Mrs. McClurg $625 a quarter, that, notwithstanding the agreement on the part of Mr. Borland to pay $375, he could be levied on every quarter

[Murphy *v.* Borland.]

for $625, and be compelled to pay it. That point is refused. I do not understand that to be the rule laid down in the case I have already referred to." The learned judge repeated this ruling in a more emphatic manner in his answer to the seventh point (eighth assignment). This was error. Mrs. McClurg had nothing to do with the renting of the property, and was in no way responsible for any arrangements made in regard thereto. She had the right to distrain for her dower as established, and charged upon this property by the decree of the Court of Common Pleas; and she had the further right to avail herself of the common-law rule that the goods of a stranger upon the demised premises are liable to be distrained for rent in arrear. That this rule prevails in this state has been frequently decided. I note only the cases conveniently at hand: Adams *v.* La Comb, 1 Dallas 440 ; Kessler *v.* McConachy, 1 Rawle 434; Karns *v.* McKinney, 24 P. F. Smith 387. And the goods of a tenant's wife, found on the demised premises, are liable to distress for rent in arrear though they are her separate property: Blanche *v.* Bradford, 2 Wright 344. Borland was a stranger to Mrs. McClurg; his goods were found upon the premises charged with the payment of her dower, and were liable to a distress therefor. We have nothing to do with the hardship of the case, if there be any, which is by no means clear. Borland voluntarily remained upon the premises after the former distress. If he chose to do so and fight the battle of the heirs without being indemnified by them, it furnishes no just ground of complaint now.

The evidence referred to in the first and third assignments was improperly received. The terms of Borland's tenancy did not in any manner interest or affect Mrs. McClurg; and the proceedings on the appointment of a receiver on her application were equally irrelevant. It would have been competent to show payment of the particular dower-money embraced in this suit, but that was not attempted.

None of the other assignments requires discussion.

Judgment reversed, and a *venire facias de novo* awarded.